Samuel Watkins, *in propria persona,* appellant. Case below, Court of Appeals No. 22199, per curiam opinion of January 12, 1976.

People v Amy. (Docket No. 58130.) Request for appointment of counsel denied. Ward Lee Amy, *in propria persona,* appellant. Case below, Court of Appeals No. 23507, order of January 15, 1976.

Kavanagh, C. J., and Levin, J., would grant appointment of counsel.

People v Monroe Smith. (Docket No. 58146.) Request for appointment of counsel granted. Defendant shall file with Muskegon Circuit Court an affidavit concerning his present financial status (see guidelines at 387 Mich xxxi). The prosecutor shall be furnished a copy of the financial affidavit and may challenge defendant's asserted indigency within 20 days after receiving the affidavit. The challenge, if brought, shall be resolved at a hearing before Muskegon Circuit Court at which the prosecution, defendant, and the State Appellate Defender shall appear personally to aid the court's inquiry. Muskegon Circuit Court, upon a finding of indigency, shall appoint the State Appellate Defender and shall furnish any portion of the record counsel may require. Monroe Smith, *in propria persona,* appellant. Case below, Court of Appeals No. 23043, order of February 2, 1976.

People v Demson. (Docket No. 58131.) Request for appointment of counsel denied. Ross King Demson, *in propria persona,* appellant. Case below, Court of Appeals No. 19554, per curiam opinion of August 15, 1975.

Kavanagh, C. J., and Levin, J., would grant appointment of counsel.

People v James Moore. (Docket No. 58141.) Request for appointment of counsel granted. Defendant shall file with Genesee Circuit Court an affidavit concerning his present financial status (see guidelines at 387 Mich xxxi). The prosecutor shall be furnished a copy of the financial affidavit and may challenge defendant's asserted indigency within 20 days after receiving the affidavit. The challenge, if brought, shall be resolved at a hearing before Genesee Circuit Court at which the prosecution, defendant, and counsel for defendant shall appear personally to aid the court's inquiry. Genesee Circuit Court, upon a finding of indigency, shall appoint counsel for defendant and

shall furnish any portion of the record counsel may require. James Anthony Moore, *in propria persona,* appellant. Case below, Court of Appeals No. 22941, order of January 13, 1976.

PEOPLE V GEORGE TAYLOR. (Docket No. 58148.) Request for appointment of counsel granted. Defendant shall file with Genesee Circuit Court an affidavit concerning his present financial status (see guidelines at 387 Mich xxxi). The prosecutor shall be furnished a copy of the financial affidavit and may challenge defendant's asserted indigency within 20 days after receiving the affidavit. The challenge, if brought, shall be resolved at a hearing before Genesee Circuit Court at which the prosecution, defendant, and counsel for defendant shall appear personally to aid the court's inquiry. Genesee Circuit Court, upon a finding of indigency, shall appoint counsel for defendant and shall furnish any portion of the record counsel may require. George H. Taylor, *in propria persona,* appellant. Reported below: 66 Mich App 456.

PEOPLE V ANDERSON. (Docket No. 57960.) Request for appointment of counsel granted. Defendant shall file with St. Clair Circuit Court an affidavit concerning his present financial status (see guidelines at 387 Mich xxxi). The prosecutor shall be furnished a copy of the financial affidavit and may challenge defendant's asserted indigency within 20 days after receiving the affidavit. The challenge, if brought, shall be resolved at a hearing before St. Clair Circuit Court at which the prosecution, defendant, and the State Appellate Defender shall appear personally to aid the court's inquiry. St. Clair Circuit Court, upon a finding of indigency, shall appoint the State Appellate Defender and shall furnish any portion of the record counsel may require. Arthur Lee Anderson, *in propria persona,* appellant. Reported below: 62 Mich App 475.

NOVEMBER 8, 1976

SOUTHGATE COMMUNITY SCHOOL DISTRICT V WEST SIDE CONSTRUCTION COMPANY. (Docket No. 57484.) Motion by plaintiff-appellant, made at oral argument on November 5, 1976, for additional time in which to file a brief on issue addressed in defendant-appellee's brief on appeal but not addressed, or not fully addressed in plaintiff-appellant's brief on appeal, is considered, and it is ordered that said motion is granted. The time for filing plaintiff-appellant's brief is no later than November 29, 1976, and the time for filing a reply brief by